# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DUJUAN DAVIS,

    Plaintiff,

v.                                            Case No. 4:21-cv-106-MW/MJF

CARVASAL and E. STRONG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee, failure to comply with two court orders, and failure to prosecute.[1]

### I. BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, commenced this *Bivens*[2] action against two Defendants. (Doc. 1). He simultaneously filed a motion for leave to proceed *in*

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*forma pauperis*. (Doc. 2). Because Plaintiff's complaint and motion were deficient, the undersigned directed Plaintiff to: (1) amend his complaint using the court-approved form; and (2) pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. (Doc. 5). The undersigned imposed a compliance deadline of March 29, 2021, and warned Plaintiff that his failure to comply likely would result in dismissal. (*Id.*). Plaintiff did not comply with the undersigned's order.

On April 7, 2021, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to pay the filing fee; and (3) failure to prosecute. (Doc. 6). The undersigned imposed a deadline of April 29, 2021, to comply. The undersigned again warned Plaintiff that his failure to comply likely would result in dismissal of this action.

As of the date of this report and recommendation, Plaintiff has neither complied with the undersigned's order to amend his complaint and pay the filing fee nor shown cause for his failures.

## II. DISCUSSION

The undersigned recommends that this action be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

A.   **<u>Failure to Pay the Filing Fee</u>**

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*. N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff's motion for leave to proceed *in forma pauperis* was denied. (Doc. 4). The undersigned directed Plaintiff to pay the filing fee or properly move for leave to proceed *in forma pauperis*. The undersigned specifically warned Plaintiff that his failure to do so likely would result in dismissal. Plaintiff failed to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. Despite the

undersigned issuing an order to show cause, Plaintiff did not explain why he failed to pay the filing fee or seek an extension of time to comply with the undersigned's order. Thus, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

**B.      Failure to Comply with Two Court Orders**

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-

87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On February 26, 2021, the undersigned ordered Plaintiff to amend his complaint and pay the filing fee. The undersigned imposed a deadline of March 29, 2021, to comply. Thus, Plaintiff has failed to comply with that order since March 29, 2021.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on February 26, 2021; and

    b.    the order issued on April 7, 2021.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 5, 6). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice,

Plaintiff could refile his claim should he choose to pursue it in the near future. Thus, dismissal without prejudice would not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee, failure to comply with two court orders, and failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 28th day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**